**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
ranalliservice@ranalllilawyers.com
Attorneys for Defendant,
*WALGREEN CO.*

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2400 WEST HORIZON RIDGE PARKWAY*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO. d/b/a WALGREENS; DOES I through X; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | Case No:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALGREEN CO. hereby removes to this Court the state court action described below.

1. On October 14, 2020, an action was commenced in the District Court for Clark County, Nevada, entitled JEREMY AYERS v. WALGREEN CO. d/b/a/ WALGREENS, DOES I through X; and ROE CORPORATIONS I through XX, as Case No: A-20-822987-C. A copy of the Complaint is attached hereto as **Exhibit A.**

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

2. Defendant WALGREEN CO. received a copy of said Complaint on October 15, 2020, when Defendant's agent accepted service of said Summons and Complaint on its behalf. A copy of the Proof of Service is attached hereto as **Exhibit B.**

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Plaintiff is a citizen of the State of Nevada. Defendant WALGREEN CO. was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Illinois, having its principal place of business at Deerfield, Illinois.

5. On November 5, 2020, Defendant WALGREEN CO. filed its Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial. A copy of the Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial are attached as **Exhibits C, D and E.**

6. On November 18, 2020, Plaintiff filed a Request for Exemption from Arbitration asserting that Plaintiff slipped and fell on a liquid puddle and is alleging injuries to his wrist

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

and right shoulder. He has incurred medical expenses of $39,837.20, so it is reasonable to conclude that the amount in controversy exceeds $75,000. A copy of the Request for Exemption from Arbitration is attached hereto as **Exhibit F.**

7. Removal is timely as Defendant WALGREEN CO. filed this notice of removal within thirty days of Plaintiff filing his Request for Exemption from Arbitration, at which time Walgreen Co. learned of the amount in controversy, and within one year of the Complaint's filing. 28 U.S.C. § 1446(b). (See Harris vs. Bankers Life & Cas. Co. 425 F.3d 689, 694 (9th Cir. 2005)).

Dated this 20th day of November, 2020.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

***/s/ Vicki Driscoll***

______________________________
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
Attorneys for Defendant,
WALGREEN CO.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the 20th of November, 2020 I caused the foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] by sending it via facsimile; and/or

[ ] by hand delivery to the parties listed below; and/or

[x ] via electronic service via the Case Management/Electronic Case Files system:

Danielle J. Richardson, Esq.
**BENSON & BINGHAM**
11441 Allerton Park Drive, Ste. 100
Las Vegas, Nevada 89135
Attorney for Plaintiff
***VIA ELECTRONIC SERVICE***

***/s/ Vicki Perez***
________________________________________
**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT A

Electronically Filed
10/14/2020 9:30 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
11441 Allerton Park Dr., Suite 100
Las Vegas, NV 89135
(702) 382-9797
(702) 382-9798 facsimile
litigate@bensonbingham.com
Attorneys for Plaintiff

CASE NO: A-20-822987-C
Department 14

BENSON & BINGHAM
ATTORNEYS AT LAW

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JEREMY AYERS,

Plaintiff,

vs.

WALGREEN CO. d/b/a WALGREENS; DOES I through X, and ROE CORPORATIONS I through XX, inclusive,

Defendants.

Case No.
Dept. No.

**COMPLAINT**

COMES NOW Plaintiff, JEREMY AYERS, by and through his attorneys of record, BENSON & BINGHAM, and for causes of action against Defendants, and each of them, alleges and complains as follows:

**JURISDICTION**

1. At all times mentioned herein, Plaintiff, JEREMY AYERS, (hereinafter referred to as "Plaintiff Ayers" or "Mr. Ayers"), was and is a resident of the County of Clark, State of Nevada.

2. Upon information and belief, at all times mentioned herein, Defendant, WALGREEN CO. d/b/a WALGREENS, (hereinafter referred to as "Defendant Walgreens"), was and is a foreign corporation duly authorized to conduct business in the State of Nevada.

3. That the true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to the Plaintiff who therefore sues said Defendants by said fictitious names.



207804

BENSON BINGHAM ATTORNEYS AT LAW

The Plaintiff is informed, believes, and thereupon alleges that each of the Defendants designated herein as Does I-X and/or Roe Corporations I-X, inclusive, are any one of the following:

(a) Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

(b) Parties that are agents, servants, employees, and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

(c) Parties that own, lease, operate, manage, secure, inspect, repair, maintain, or are otherwise responsible for the premises referred to hereinafter; and/or,

(d) Parties that have assumed or retained liabilities of any of the Defendants by virtue of an agreement, sale, transfer, or otherwise.

The Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants, Does I-X and Roe Corporations I-X, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join said Defendants in this action.

**GENERAL ALLEGATIONS**

4. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 3 and incorporates the same by reference as though fully set forth herein.

5. At all times mentioned herein, particularly on or about November 14, 2019, Defendant Walgreens, operated, managed, maintained, and/or was otherwise responsible for the property located at 6390 Boulder Highway, Las Vegas, Nevada 89122.

6. At all times mentioned herein, Plaintiff Ayers was Defendant Walgreens' invitee and guest, and was upon aforementioned premises.

7. At all times mentioned herein, while Plaintiff Ayers was walking down an aisle, he slipped and fell in a liquid puddle believed to be caused by a leaking pipe, causing him to suffer injuries.

//

//

BENSON & BINGHAM
ATTORNEYS AT LAW

**FIRST CAUSE OF ACTION**

**(Negligence)**

8. The Plaintiffs incorporate paragraphs 1 through 7 by reference as though fully set forth herein.

9. Upon information and belief, at all times mentioned herein, Defendant Walgreens employed personnel responsible for the operation, management, inspection, maintenance, and repair of the premises.

10. At all times mentioned herein, said personnel failed to use reasonable care while performing their responsibilities when said personnel acted in the course and scope of their employment.

11. At all times mentioned herein, Defendant Walgreens is responsible for the negligence of its personnel, whose acts were in furtherance of the business and/or their principal.

12. At all times mentioned herein, Defendant Walgreens, through its employees, agents, and/or assigns negligently cared for the premises so as to cause a dangerous condition to exist therein.

13. At all times mentioned herein, Defendant Walgreens knew or should have known of the existence of the dangerous condition through proper inspection and maintenance.

14. At all times mentioned herein, Defendant Walgreens failed to remove the dangerous condition and/or give any warning of the foreseeable risk of harm posed by the dangerous condition.

15. The failure of Defendant Walgreens to remove the dangerous condition and/or give any warning of the foreseeable risk of harm posed by the dangerous condition breached the duty of care owed by said Defendant to its invitees and guests and, in particular, to the Plaintiff.

16. As a direct and proximate result of the negligence of the Defendant, Plaintiff Ayers, suffered injury to his person and incurred medical expenses and wage loss, all of which has caused and will continue to cause him pain and suffering, all to his damages, in an amount in excess of Fifteen Thousand Dollars, ($15,000.00).

17. As a direct and proximate result of the negligence of the Defendant, it has been necessary for Plaintiff Ayers, to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

**(Negligent Failure to Inspect and Warn)**

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 as though fully set forth herein.

19. The Defendant, and each of them, failed to inspect, and should have inspected the subject area, on or before November 14, 2019, and knew or should have known that the subject area would be used as a general walking path for patrons, and failed to properly warn patrons, specifically the Plaintiff, of the dangerous condition, all to the Plaintiff's detriment.

20. As a direct and proximate result of the negligence of the Defendant, Plaintiff Ayers, suffered injury to his person and incurred medical expenses and wage loss, all of which has caused and will continue to cause him pain and suffering, all to his damages, in an amount in excess of Fifteen Thousand Dollars, ($15,000.00).

21. As a direct and proximate result of the negligence of the Defendant, it has been necessary for Plaintiff Ayers, to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

WHEREFORE, the Plaintiff prays for relief against the Defendant, as follows:

1. General damages in an amount in excess of the District Court's jurisdictional threshold of Fifteen Thousand Dollars ($15,000.00);

2. Wage loss;

4. Prejudgment interest;

5. Reasonable attorney's fees;

//

//

BENSON BINGHAM ATTORNEYS AT LAW

6. Costs of suit herein; and,

7. For such other and further relief as the Court may deem proper.

DATED this 13th day of October, 2020.

DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
Attorneys for Plaintiff

BENSON & BINGHAM ATTORNEYS AT LAW

# EXHIBIT B

Electronically Filed
10/23/2020 10:37 AM
Steven D. Grierson
CLERK OF THE COURT

PSER
BENSON & BINGHAM
11441 ALLERTON PARK DR, STE 100
LAS VEGAS, NV 89135
(702) 382-9797

DISTRICT COURT
CLARK COUNTY, NEVADA

JEREMY AYERS
Plaintiff

vs

WALGREEN CO.
Defendant

*Case Number*: A-20-822987-C

*Dept:*

**PROOF OF SERVICE**

DUSTIN GROSS, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **10/15/2020 at 2:23 PM** to:

**Defendant WALGREEN CO. D/B/A WALGREENS, BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT**

by leaving the copies with or in the presence of **KRIS OSBORN, CORPORATE SPECIALIST**, at 112 N CURRY ST, CARSON CITY, NV 89703, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Tuesday, October 20, 2020

DUSTIN GROSS, R-2020-09090
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1934146.01 Client File # 207804

# EXHIBIT C

Electronically Filed
11/5/2020 6:26 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
ranalliservice@ranalllilawyers.com
Attorneys for Defendant,
*WALGREEN CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JEREMY AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO. d/b/a WALGREENS; DOES I through X; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO.: A-20-822987-C<br>DEPT. NO.: XIV |

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

///

///

///

///

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2400 West Horizon Ridge Parkway*
*Henderson, Nevada 89052*
*Telephone: (702) 477-7774 Fax: (702) 477-7778*

DEFENDANT WALGREENS CO.: $223.00

**TOTAL FEES REMITTED: $223.00**

Dated this 5TH day of November, 2020.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

***/s/ Jason Andrew Fowler***

___________________________

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
Attorneys for Defendant,
WALGREEN CO.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**CERTIFICATE OF SERVICE**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 5th day of November, 2020, I caused the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Danielle J. Richardson, Esq.
**BENSON & BINGHAM**
11441 Allerton Park Drive, Ste. 100
Las Vegas, Nevada 89135
Attorney for Plaintiff
***VIA ELECTRONIC SERVICE***

**/s/** *Donna Hicks*

______________________________
**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT D

**Electronically Filed**
**11/5/2020 6:26 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**ANS**

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
ranalliservice@ranalllilawyers.com
Attorneys for Defendant,
*WALGREEN CO.*

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2400 West Horizon Ridge Parkway*
*Henderson, Nevada 89052*
*Telephone: (702) 477-7774 Fax: (702) 477-7778*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JEREMY AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO. d/b/a WALGREENS; DOES I through X; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO.: A-20-822987-C<br>DEPT. NO.: XIV |

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant WALGREENS, CO., and answers in response to the Complaint and the allegations contained therein as follows:

**JURISDICTION**

1. Defendant has no information or belief as to the allegations in paragraph 1 and on that ground denies each and every allegation of said paragraph.

///

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

2. Defendant admits it is a foreign corporation duly authorized to conduct business in the State of Nevada as stated in Paragraph 2.

3. Defendant has no information or belief as to the allegations in paragraphs 3, 3a, 3b, 3c and 3d, and on that ground denies each and every allegation of said paragraphs.

**GENERAL ALLEGATIONS**

4. Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 3 above as though fully set forth herein verbatim.

5. Defendant admits to operating a Walgreens located at 6390 Boulder Highway, Las Vegas, Nevada 89122 on or about November 14, 2019, but has no information or belief as to the remaining allegations in paragraphs 5 and on that ground denies the allegation of said paragraph.

6. Defendant has no information or belief as to the allegations in paragraph 6 and on that ground denies each and every allegation of said paragraph.

7. Defendant has no information or belief as to the allegations in paragraph 7 and on that ground denies each and every allegation of said paragraph.

**FIRST CAUSE OF ACTION**

**(Negligence)**

8. Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 7 above as though fully set forth herein verbatim.

///

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

9. Defendant has no information or belief as to the allegations in paragraph 9 and on that ground denies each and every allegation of said paragraph.

10. In response to paragraph 10, Defendant denies each and every allegation of said paragraph.

11. Defendant has no information or belief as to the allegations in paragraph 11 and on that ground denies each and every allegation of said paragraph.

12. In response to paragraph 12, Defendant denies each and every allegation of said paragraph.

13. In response to paragraph 13, Defendant denies each and every allegation of said paragraph.

14. In response to paragraph 14, Defendant denies each and every allegation of said paragraph.

15. In response to paragraph 15, Defendant denies each and every allegation of said paragraph.

16. In response to paragraph 16, Defendant denies each and every allegation of said paragraph.

17. In response to paragraph 17, Defendant denies each and every allegation of said paragraph.

**(Negligent Failure to Inspect and Warn)**

18. Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 17 above as though fully set forth herein verbatim.

19. In response to paragraph 19, Defendant denies each and

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

every allegation of said paragraph.

20. In response to paragraph 20, Defendant denies each and every allegation of said paragraph.

21. In response to paragraph 21, Defendant denies each and every allegation of said paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendant, and/or Defendant is entitled to an offset for the negligence of Plaintiff if such negligence was less than that of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff has failed to mitigate his damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of third parties over whom this answering

Defendant had no control.

**FIFTH AFFIRMATIVE DEFENSE**

Attorney's fees are only recoverable through contract or by statute and are not recoverable as damages in a lawsuit for personal injury damages. Plaintiff's claims for attorney's fees and costs as alleged in Plaintiff's Complaint are not recoverable herein and have been improperly pled in Plaintiff's Complaint. Defendant specifically reserves the right to have Plaintiff's improperly pled claim for attorney's fees dismissed prior to trial. Plaintiff's claims are barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

An unforeseeable incapacity/sudden emergency as a bar to liability in negligence are based upon the principle that one is not negligent if an unforeseeable occurrence or sudden emergency causes an accident and/or injury.

**SEVENTH AFFIRMATIVE DEFENSE**

If any damages are awarded to Plaintiff, they should be apportioned among the Defendants according to their percentage of liability and/or among the various accidents and/or pre-existing conditions.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is not joint and severally liable and is only severally liable, if liable at all.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**NINTH AFFIRMATIVE DEFENSE**

Any hazard alleged is trivial.

**TENTH AFFIRMATIVE DEFENSE**

Any hazard defect was open and obvious.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff does not have a ripe cause of action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If any hazard or danger existed to Plaintiff for which Defendant would be responsible, Plaintiff knew of the danger or hazard and his own unreasonable conduct was the cause of any injury, be it due to a hazardous, ultra-hazardous activity or condition or otherwise.

**FOURTEENTH AFFIRMATIVE DEFENSE**

All of the risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred and/or diminished by the doctrines of consent, waiver, laches, estoppel and/or unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's own unreasonable conduct constitutes the sole or majority of the cause for his alleged injuries.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of co-defendants, unnamed defendants, non-parties or third parties over whom this answering Defendant had no control.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant, not being fully advised as to all facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, discharged and bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, permit, consent, payment, release res judicata, statute of frauds, and other contract defenses including but not limited to failure of contract formation, absence of privity, Plaintiff's lack of standing, absence, lack or failure of consideration, illusory promises, absence of mutual assent, mutual mistake and/or unilateral mistake wherein Plaintiff was aware of the mistake, misrepresentation and/or fraud, failure to perform, unconscionability, improper delegation of duties and/or assignment of rights, nonoccurrence of condition precedent, excuse, and discharge by performance, impossibility, impracticability, frustration, illegality, recision,

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

modification, novation, release, cancellation, substituted contract, account stated, lapse, operation of law including but not limited to running of the statute of limitations, and/or occurrence of condition subsequent, consent of the Plaintiffs, that Plaintiffs have granted Defendant's an easement either expressly or implied in fact, that the conditions complained of were so open and obvious that Plaintiffs or their predecessors in interest consented to them, that any damages claimed by Plaintiffs are the fault of underlying contractors, construction companies, developers or laborers over whom Defendant had no control or authority and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any alleged hazardous condition was unknown to Defendant and if it existed, had existed for such a short period of time that Defendant cannot be held responsible for it.

**TWENTIETH AFFIRMATIVE DEFENSE**

Pursuant to NRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant reserves the right to amend it's Answer to allege additional

affirmative defenses or withdraw certain affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant prays for the following:

1. That Plaintiff take nothing and Judgment be entered in favor of Defendant Walgreens.

2. For attorney's fees and costs of suit herein incurred; and

3. For such other and further relief as the court may deem just and proper.

Dated this 5TH day of November, 2020.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

***/s/ Jason Andrew Fowler***

______________________________

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
Attorneys for Defendant,
WALGREEN CO.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**CERTIFICATE OF SERVICE**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 5th day of November, 2020, I caused the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Danielle J. Richardson, Esq.
**BENSON & BINGHAM**
11441 Allerton Park Drive, Ste. 100
Las Vegas, Nevada 89135
Attorney for Plaintiff
***VIA ELECTRONIC SERVICE***

/s/ Donna Hicks

______________________________
**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT E

Electronically Filed
11/5/2020 6:26 PM
Steven D. Grierson
CLERK OF THE COURT

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 West Horizon Ridge Parkway
Henderson, Nevada 89052
Telephone: (702) 477-7774 Fax: (702) 477-7778

DMJT

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
ranalliservice@ranalllilawyers.com
Attorneys for Defendant,
*WALGREEN CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JEREMY AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO. d/b/a WALGREENS; DOES I through X; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO.: A-20-822987-C<br>DEPT. NO.: XIV |

**DEMAND FOR JURY TRIAL**

Defendant, WALGREENS CO., by and through it's attorney of record, GEORGE M. RANALLI, ESQ., with the law firm of RANALLI ZANIEL FOWLER & MORAN, LLC, hereby demands a jury

///

///

///

///

trial of all of the issues in the above-entitled matter.

Dated this 5TH day of November, 2020.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

***/s/ Jason Andrew Fowler***

____________________________

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
Attorneys for Defendant,
WALGREEN CO.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 WEST HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**CERTIFICATE OF SERVICE**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 5th day of November, 2020, I caused the foregoing **DEMAND FOR JURY TRIAL** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Danielle J. Richardson, Esq.
**BENSON & BINGHAM**
11441 Allerton Park Drive, Ste. 100
Las Vegas, Nevada 89135
Attorney for Plaintiff
***VIA ELECTRONIC SERVICE***

/s/ *Donna Hicks*

______________________________
**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT F

Electronically Filed
11/18/2020 2:01 PM
Steven D. Grierson
CLERK OF THE COURT

DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
11441 Allerton Park Dr., Suite 100
Las Vegas, NV 89135
(702) 382-9797
(702) 382-9798 facsimile
litigate@bensonbingham.com
Attorneys for Plaintiff

BENSON & BINGHAM
ATTORNEYS AT LAW

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JEREMY AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO. d/b/a WALGREENS; DOES I through X, and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | Case No. A-20-822987-C<br>Dept. No. XIV |

**REQUEST FOR EXEMPTION FROM ARBITRATION**
**(Amount in Controversy in Excess of $50,000.00)**

COMES NOW Plaintiff, JEREMY AYERS, by and through his attorneys, Benson & Bingham, pursuant to NAR 5, and respectfully requests that the instant case be exempted from the Court Annexed Arbitration Program.

This Request is made and based upon all of the pleadings and papers on file and the attached Summary of Facts.

DATED this 18 day of November, 2020.

/S/DANIELLE J. RICHARDSON, ESQ.
DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
Attorneys for Plaintiff



207804

BENSON & BINGHAM
ATTORNEYS AT LAW

## SUMMARY OF FACTS

The instant litigation stems from a premise incident that occurred on November 14, 2019. Plaintiff, Jeremy Ayers, (hereinafter referred to as "Plaintiff" or "Mr. Ayers"), was an invitee or guest of Defendant Walgreen Co. d/b/a Walgreens (hereinafter referred to as "Defendant Walgreens"). While Mr. Ayers was upon the premises, he slipped and fell on a liquid puddle believed to be caused by a leaking pipe, causing him to suffer injuries to his body.

On October 14, 2020, the Plaintiff commenced the instant litigation against the Defendant alleging negligence and negligent failure to inspect and warn. On November 5, 2020, Defendant filed their Answer.

As a result of the aforementioned incident, Plaintiff suffered injuries to his wrist and right shoulder. As a result, the Plaintiff underwent an extensive course of care.

The following is a summary of Plaintiff's confirmed medical specials:

| | |
|---|---|
| Doctors Center at Red Rock | $2,113.00 |
| SimonMed Imaging | $1,128.20 |
| Nevada Orthopedic & Spine Center | $9,915.00 |
| Parkway Surgery Center | $19,768.00 |
| US Anesthesia Partners of Nevada | $4,655.00 |
| Breg, Inc. | $200.00 |
| Select Physical Therapy | $2,058.00 |
| **TOTAL:** | **$39,837.20** |

Based on the foregoing, the Plaintiff respectfully submits that the instant case is one in which the amount in controversy exceeds Fifty Thousand Dollars ($50,000.00) and, therefore, an order exempting the matter from the Court Annexed Arbitration Program is appropriate.

## CONCLUSION

For the reasons set forth above, the Plaintiff hereby respectfully requests that this case be exempted from the Court Annexed Arbitration Program.

DATED this 18 day of November, 2020.

/s/Danielle J. Richardson, Esq.
DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
Attorneys for Plaintiff

BENSON & BINGHAM ATTORNEYS AT LAW

BENSON & BINGHAM
ATTORNEYS AT LAW
BB

**CERTIFICATION**

I hereby certify that this case is included in one of the categories of exempt cases listed in Rule 3 of the Nevada Rules Governing Alternative Dispute Resolution and that I am aware of sanctions which are authorized by Rule 11 of the Nevada Rules of Civil Procedure against any party or attorney who, without good cause or justification, attempts to remove a case from the Court Annexed Arbitration Program.

DATED this 18 day of November, 2020.

/s/Danielle J. Richardson, Esq.
DANIELLE J. RICHARDSON, ESQ.
Nevada Bar No. 14752
BENSON & BINGHAM
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18 day of November, 2020, a true and correct copy of the foregoing REQUEST FOR EXEMPTION FROM ARBITRATION was served by electronic service, via Odyssey E-File & Serve system, on the following:

George M. Ranalli, Esq.
Jason A. Fowler, Esq.
James F. Holtz, Esq.
Ranalli Zaniel Fowler & Moran, LLC
2400 W. Horizon Ridge Pkwy.
Henderson, NV 89052
Attorneys for Defendant

An employee of Benson & Bingham

BENSON & BINGHAM
ATTORNEYS AT LAW